## GARWIN GERSTEIN & FISHER LLP

88 Pine Street, 10th Floor, New York, NY 10005 | Telephone: (212) 398-0055 | Fax: (212) 764-6620

| | | |
|---|---|---|
| Bruce E. Gerstein | Kimberly M. Hennings | Anna Tydniouk |
| Scott W. Fisher | Elena K. Chan | Aakruti G. Vakharia |
| Joseph Opper | Dan Litvin | |
| Noah H. Silverman | Jonathan M. Gerstein | |

Sender's e-mail: bgerstein@garwingerstein.com

August 24, 2020

<u>VIA ECF</u>
Hon. Lewis J. Liman
United States District Court, Southern District of New York
Courtroom 15C
500 Pearl Street
New York, NY 10007-1312

Re:   ***J M Smith Corporation d/b/a Smith Drug Company, et al. v. Forest Laboratories LLC, et al.*, 20-cv-5735 (LJL)**

Dear Judge Liman,

Plaintiff J M Smith Corp. d/b/a Smith Drug Company ("Smith") supports the ***coordination*** of its case (Dkt. 20-cv-5735) with the related actions,[1] which will accomplish most of the objectives of consolidation under Fed. R. Civ. P. 42(a). However, Smith respectfully objects to ***consolidation*** of its case with the related actions because of inherent substantive and procedural conflicts described below.

All Plaintiffs challenge the same core conduct, *i.e.,* the alleged delayed market entry of less-expensive generic versions of Defendants' brand name prescription drug Bystolic. However, Smith and the other Plaintiffs seek to represent different classes. Smith seeks to represent a "direct purchaser" class of wholesalers who purchased Bystolic directly from Defendants. The other Plaintiffs are "indirect purchasers," or "end payor plaintiffs" ("EPPs") who purchase or reimburse purchasers further down the distribution chain. Only direct purchasers like Smith have standing to recover overcharge damages under federal antitrust law.  *See Ill. Brick Co. v. Illinois*, 431 U.S. 720, 729 (1977) ("[T]he overcharged direct purchaser, and not others in the chain of manufacture or distribution, is the party 'injured in his business or property.'") (quoting Clayton Act § 4, 15 U.S.C. § 15(a)). Accordingly, Smith's damages claims arise under the Sherman Act and the Clayton Act, while the EPPs' damages claims arise under various state unfair competition and consumer protection statutes, as well as common law (EPPs do bring federal Sherman Act claims for injunctive relief). As a result, Smith's claims are subject to different substantive laws and statutes of limitations than the EPPs' claims.

---

[1] Specifically, Dkts. 20-cv-5538; 20-cv-5837; 20-cv-5813; 20-cv-5901; 20-cv-5825.

There are additional possible conflicts between direct purchasers and EPPs that could result (and have in past cases resulted) because of the distinct classes they seek to represent.

For example, because their damages arise and are calculated under different substantive laws, end payor and direct purchaser damages claims are generally not tried together. Specifically, a jury hearing a direct purchaser's overcharge claim should not also hear evidence of whether the overcharge was "passed on" to others, like EPPs, further "downstream." *See, e.g., In re Namenda Direct Purchaser Antitrust Litig*., No. 15 CIV. 7488 (CM), 2019 WL 6242128, at *11 (S.D.N.Y. Aug. 2, 2019) ("To the extent the DPPs seek to prevent Forest from introducing evidence that downstream customers of the DPPs paid higher prices due to "pass on" effects, their motion is GRANTED.") (citing *Ill. Brick Co.*, 431 U.S. at 724-25); *In re Lidoderm Antitrust Litig.*, No. 14-md-02521, 2018 WL 7814761, at *3 (N.D. Cal. Feb. 7, 2018) ("Defendants may not solicit or introduce evidence solely for the purpose of showing that DPPs pass-on damages or that DPP damages should be reduced.").

In addition, direct purchaser and end payor classes have distinct class certification issues.

Accordingly, courts presiding over generic delay class actions (and other antitrust class actions) generally ***consolidate*** direct purchaser cases with other direct purchaser cases, and separately, end payor cases with other end payor cases, while ***coordinating*** all cases under the same caption and docket, with the same schedule, and the same procedural orders (such as protective orders, ESI protocols, discovery limitations, etc.). *See, e.g.*, Stipulation and Proposed Case Management Order, *In re Novartis and Par Antitrust Litig.*, 1:18-cv-04361-AKH (S.D.N.Y Aug. 3, 2018) (ECF No. 59), appended as Exhibit A hereto; Pretrial Order No. 3 – Case Management, *In re Domestic Drywall Antitrust Litig.*, 13-md-2437 (E.D. Pa. May 7, 2013) (ECF No. 11), appended as Exhibit B hereto.

Smith respectfully submits that coordination, but not consolidation, of its case with the related cases would likewise be appropriate here.

Respectfully submitted,

*/s/ Bruce E. Gerstein*
Bruce E. Gerstein

cc:    All counsel via ECF
       Counsel in end payor cases via email

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Novartis, Par and Endo Antitrust Litigation | |
| | Case No. 1:18-cv-04361-AKH |
| This Document Relates To: | |
| 1:18-cv-04361<br>1:18-cv-05536<br>1:18-cv-05603<br>1:18-cv-05708<br>1:18-cv-05886<br>1:18-cv-06776 | |

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY** FII .
DOC #: _____
DATE FILED: 8/3/18

## STIPULATION AND [PROPOSED] CASE MANAGEMENT ORDER

WHEREAS, on May 16, 2018, plaintiff Drogueria Betances, LLC filed a putative class action complaint on behalf of direct purchasers alleging, among other things, that defendants Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Corporation, Endo Pharmaceuticals Inc., Par Pharmaceutical, Inc., Par Pharmaceuticals, Inc., and Par Pharmaceutical Industries, Inc. entered into an unlawful pay for delay agreement involving the pharmaceutical drug Exforge.  Case No. 1:18-cv-04361-AKH (S.D.N.Y.) (the "Drogueria Betances Action").

WHEREAS, on June 22, 2018, plaintiff Rochester Drug Co-Operative, Inc. filed a putative class action complaint on behalf of direct purchasers alleging substantially similar claims against Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Corporation, Endo Pharmaceuticals Inc., Endo International PLC, and Par Pharmaceutical, Inc.  Case No. 1:18-cv-05708-AKH (S.D.N.Y) (the "Rochester Action").

WHEREAS, on June 29, 2018, plaintiff FWK Holdings, LLC filed a putative class action complaint on behalf of direct purchasers alleging substantially similar claims against Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Corporation, Endo Pharmaceuticals, Inc., Endo International PLC, and Par Pharmaceutical, Inc.  Case No. 1:18-cv-05886-AKH (S.D.N.Y.) (the "FWK Action").

WHEREAS, the Drogueria Betances Action, the Rochester Action, and the FWK Action are collectively referred to as the "Direct Purchaser Actions."

WHEREAS, on June 19, 2018, plaintiff UFCW Local 1500 Welfare Fund filed a putative class action complaint on behalf of end-payor purchasers alleging substantially similar claims against Novartis Pharmaceuticals Corporation and Par Pharmaceutical, Inc.  Case No. 1:18-cv-05536-AKH (S.D.N.Y.) (the "Local 1500 Action").

1

WHEREAS, on June 20, 2018, plaintiff Law Enforcement Health Benefits, Inc. filed a putative class action complaint on behalf of end-payor purchasers alleging substantially similar claims against Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Corporation, Endo Pharmaceuticals, Inc., Endo International PLC, and Par Pharmaceutical, Inc.  Case No. 1:18-cv-05603-AKH (S.D.N.Y.) (the "LEHB Action").

WHEREAS, on July 27, 2018, plaintiff Turlock Irrigation District filed a putative class action complaint on behalf of end-payor purchasers alleging substantially similar claims against Novartis Pharmaceuticals Corporation, Par Pharmaceutical, Inc., and  Endo Pharmaceuticals, Inc. Case No. 1:18-cv-06776 (S.D.N.Y.) (the "Turlock Action").

WHEREAS, the Local 1500 Action, the LEHB Action and the Turlock Action are collectively referred to as the "End-Payor Actions."

WHEREAS, on July 17, 2018, plaintiffs in the Direct Purchaser Actions filed a Consolidated Amended Class Action Complaint ("Direct Purchaser CAC") on behalf of a putative direct purchaser class against Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Corporation, Endo Pharmaceuticals Inc., Endo International PLC, and Par Pharmaceutical, Inc.

WHEREAS, on July 17, 2018, plaintiffs in the Local 1500 Action and the LEHB Action filed a Consolidated Amended Complaint ("End-Payor CAC") on behalf of a putative end-payor class against Novartis Pharmaceuticals Corporation, Par Pharmaceutical, Inc., and Endo Pharmaceuticals Inc.

WHEREAS, Drogueria Betances, LLC, Rochester Drug Co-Operative, Inc., and FWK Holdings, LLC are collectively referred to as "Direct Purchaser Plaintiffs."

2

WHEREAS, UFCW Local 1500 Welfare Fund, Law Enforcement Health Benefits Inc., and Turlock Irrigation District are collectively referred to as "End-Payor Plaintiffs."

WHEREAS, Direct Purchaser Plaintiffs and End-Payor Plaintiffs are collectively referred to as "Plaintiffs."

WHEREAS, Novartis Pharmaceuticals Corporation, Novartis Corporation (together, "Novartis Defendants"), Endo Pharmaceuticals Inc., and Par Pharmaceutical, Inc. (together, "Par Defendants") are collectively referred to as "Defendants."

WHEREAS, Plaintiffs and Defendants are collectively referred to as the "Parties."

WHEREAS, the Parties believe that consolidation of the Direct Purchaser Actions and End-Payor Actions, respectively, and coordination of the Direct Purchaser Actions and the End-Payor Actions under one docket, will promote efficiency in managing and litigating the cases.

WHEREAS, the Direct Purchaser Actions and the End-Payor Actions are collectively referred to as the "Coordinated Actions."

WHEREAS, motions in the Direct Purchaser Actions and End-Payor Actions for Appointment of Lead Counsel are pending.

ACCORDINGLY, IT IS HEREBY STIPULATED AND ORDERED THAT:

**Consolidation and Coordination**

1.    The Direct Purchaser Actions are hereby consolidated for all purposes pursuant to Fed. R. Civ. P. 42(a).

2.    The End-Payor Actions are hereby consolidated for all purposes pursuant to Fed. R. Civ. P. 42(a).  A response to the End-Payor CAC shall also constitute a response to the complaint filed in the Turlock Action, to which a separate response is not required.

3

3.      Any additional direct or end-payor class action complaints filed in or transferred to this District containing substantially similar allegations as those in, and related to, the Coordinated Actions shall also be docketed under Docket No. 18-cv-04361 and deemed consolidated with either the Direct Purchaser Actions or End-Payor Actions, as applicable. Defendants need not respond to the complaint in any case that is consolidated with either the Direct Purchaser Actions or End-Payor Actions pursuant to this paragraph.

4.      The Direct Purchaser Actions and the End-Payor Actions shall be coordinated for purposes of discovery and pretrial proceedings to the extent practicable.

5.      The files of the Coordinated Actions shall be maintained in one file under Docket No. 18-cv-04361.

**Caption**

6.      All documents filed in the Coordinated Actions shall bear the following caption:

| In re Novartis, Par and Endo Antitrust Litigation | Case No. 1:18-cv-04361-AKH |
|---|---|
| This Document Relates To: | |

7.      When a filing is intended to apply to all actions, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a filing is intended to apply only to one, or to some, but not all, of such actions, the party filing the document shall indicate the action(s) to which the document is intended to apply. The parties may indicate, for example, "All Direct Purchaser Actions" or "All End-Payor Actions."

4

**Class Counsel**

8.      Garwin Gerstein & Fisher LLP shall serve as interim lead counsel in the Direct Purchaser Actions.

9.      Labaton Sucharow LLP shall serve as interim lead counsel in the End-Payor Actions.

10.      Respective Interim Lead counsel shall have authority over the following matters on behalf of the proposed direct purchaser class and all named plaintiffs in the consolidated direct purchaser class actions, and the proposed end-payor class and all named plaintiffs in the consolidated end-payor class actions, respectively: (a) convening meetings of counsel; (b) initiating, responding, scheduling, briefing, and arguing of all motions; (c) the scope, order, and conduct of all discovery proceedings; (d) such work assignments to other counsel as they may deem appropriate; (e) retaining experts; (f) designating which attorneys may appear at hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with the defendants (or potential defendants); (h) approving all financial expenditures; and (i) other matters concerning prosecuting or resolving these cases.

**Scheduling**

11.      The following schedule shall apply to the Coordinated Actions:

| Event | Date |
|---|---|
| Deadline to agree upon a Protective Order and an ESI Protocol | August 31, 2018 |
| Defendants file Motions to Dismiss or Answers to the Direct Purchaser CAC and End-Payor CAC | September 17, 2018 |
| Parties exchange Initial Disclosures | September 17, 2018 |
| Fact discovery opens | September 17, 2018 |

| Event | Date |
|---|---|
| Parties must complete their production of information, documents and/or things by this date. Document productions will occur on a rolling basis. Privilege logs shall be produced on a rolling basis no later than 21 days after each individual production. | August 30, 2019 |
| Direct Purchaser Plaintiffs and End-Payor Plaintiffs serve expert reports concerning class certification | October 14, 2019 |
| Direct Purchaser Plaintiffs and End-Payor Plaintiffs file Motions for Class Certification | October 28, 2019 |
| Defendants serve rebuttal expert reports concerning class certification | November 13, 2019 |
| Defendants file briefs in opposition to Direct Purchaser Plaintiffs' and End-Payor Plaintiffs' Motions for Class Certification | November 27, 2019 |
| Direct Purchaser Plaintiffs and End-Payor Plaintiffs file Reply briefs in further support of their Motions for Class Certification | December 16, 2019 |
| Status Conference to schedule the remainder of discovery | TBD |

**Depositions**

12.     Defendants make take depositions of named Plaintiffs in the Coordinated Actions concerning class certification issues. Direct Purchaser Plaintiffs and End-Payor Plaintiffs may collectively take an equivalent number of depositions concerning class certification issues.

**Interrogatories**

13.     Subject to the procedures and timing set forth in Local Civil Rule 33.3, Direct Purchaser Plaintiffs and End-Payor Plaintiffs may collectively serve 30 written interrogatories, including all discrete subparts, to Novartis Defendants (as a group) and 30 written interrogatories, including all discrete subparts, to Par Defendants (as a group).  Novartis Defendants and Par Defendants collectively may propound 30 interrogatories to Direct Purchaser

6

Plaintiffs and 30 interrogatories to End-Payor Plaintiffs.

DATED: August 3, 2018

By: *(signature)*

Bruce E. Gerstein
Joseph Opper
Dan Litvin
**GARWIN GERSTEIN & FISHER LLP**
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
Email: bgerstein@garwingerstein.com
Email: jopper@garwingerstein.com
Email: dlitvin@garwingerstein.com

David Raphael
Erin Leger
Susan Segura
**SMITH SEGURA & RAPHAEL, LLP**
3600 Jackson St., Ste. 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
Email: draphael@ssrllp.com
Email: eleger@ssrllp.com
Email: ssegura@ssrllp.com

John Gregory Odom
Stuart Des Roches
Andrew Kelly
Dan Chiorean
**ODOM & DES ROCHES**
Poydras Center
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
Email: jodom@odrlaw.com
Email: stuart@odrlaw.com
Email: akelly@odrlaw.com
Email: dchiorean@odrlaw.com

By:
Gregory S. Asciolla
Jay L. Himes
Karin E. Garvey
Robin A. van der Meulen
Matthew J. Perez
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
gasciolla@labaton.com
jhimes@labaton.com
kgarvey@labaton.com
rvandermeulen@labaton.com
mperez@labaton.com

Roberta D. Liebenberg
Paul Costa
Adam J. Pessin
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Tel: (215) 567-6565
Fax: (215) 568-5872
rliebenberg@finekaplan.com
pcosta@finekaplan.com
apessin@finekaplan.com

*Attorneys for Plaintiff UFCW Local 1500*
*Welfare Fund and the end-payor class*

By:
Robert G. Eisler
Deborah A. Elman
Chad B. Holtzman
Allison J. McCowan
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
reisler@gelaw.com
delman@gelaw.com

7

Plaintiffs and 30 interrogatories to End-Payor Plaintiffs.

DATED: August 3, 2018

By: _____
Gregory S. Asciolla
Jay L. Himes
Karin E. Garvey
Robin A. van der Meulen
Matthew J. Perez
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
gasciolla@labaton.com
jhimes@labaton.com
kgarvey@labaton.com
rvandermeulen@labaton.com
mperez@labaton.com

By: _____
Bruce E. Gerstein
Joseph Opper
Dan Litvin
**GARWIN GERSTEIN & FISHER LLP**
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
Email: bgerstein@garwingerstein.com
Email: jopper@garwingerstein.com
Email: dlitvin@garwingerstein.com

David Raphael
Erin Leger
Susan Segura
**SMITH SEGURA & RAPHAEL, LLP**
3600 Jackson St., Ste. 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
Email: draphael@ssrllp.com
Email: eleger@ssrllp.com
Email: ssegura@ssrllp.com

Roberta D. Liebenberg
Paul Costa
Adam J. Pessin
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Tel: (215) 567-6565
Fax: (215) 568-5872
rliebenberg@finekaplan.com
pcosta@finekaplan.com
apessin@finekaplan.com

*Attorneys for Plaintiff UFCW Local 1500*
*Welfare Fund and the end-payor class*

John Gregory Odom
Stuart Des Roches
Andrew Kelly
Dan Chiorean
**ODOM & DES ROCHES**
Poydras Center
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
Email: jodom@odrlaw.com
Email: stuart@odrlaw.com
Email: akelly@odrlaw.com
Email: dchiorean@odrlaw.com

By:
Robert G. Eisler
Deborah A. Elman
Chad B. Holtzman
Allison J. McCowan
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
reisler@gelaw.com
delman@gelaw.com

7

Plaintiffs and 30 interrogatories to End-Payor Plaintiffs.

DATED: August 3, 2018

By:
Bruce E. Gerstein
Joseph Opper
Dan Litvin
**GARWIN GERSTEIN & FISHER LLP**
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
Fax: (212) 764-6620
Email: bgerstein@garwingerstein.com
Email: jopper@garwingerstein.com
Email: dlitvin@garwingerstein.com

David Raphael
Erin Leger
Susan Segura
**SMITH SEGURA & RAPHAEL, LLP**
3600 Jackson St., Ste. 111
Alexandria, LA 71303
Tel: (318) 445-4480
Fax: (318) 487-1741
Email: draphael@ssrllp.com
Email: eleger@ssrllp.com
Email: ssegura@ssrllp.com

John Gregory Odom
Stuart Des Roches
Andrew Kelly
Dan Chiorean
**ODOM & DES ROCHES**
Poydras Center
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
Email: jodom@odrlaw.com
Email: stuart@odrlaw.com
Email: akelly@odrlaw.com
Email: dchiorean@odrlaw.com

By:
Gregory S. Asciolla
Jay L. Himes
Karin E. Garvey
Robin A. van der Meulen
Matthew J. Perez
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
gasciolla@labaton.com
jhimes@labaton.com
kgarvey@labaton.com
rvandermeulen@labaton.com
mperez@labaton.com

Roberta D. Liebenberg
Paul Costa
Adam J. Pessin
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Tel: (215) 567-6565
Fax: (215) 568-5872
rliebenberg@finekaplan.com
pcosta@finekaplan.com
apessin@finekaplan.com

*Attorneys for Plaintiff UFCW Local 1500*
*Welfare Fund and the end-payor class*

By: ⟋ Elman
Robert G. Eisler
Deborah A. Elman
Chad B. Holtzman
Allison J. McCowan
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
reisler@gelaw.com
delman@gelaw.com

7

Russell A. Chorush
Miranda Jones
**HEIM PAYNE & CHORUSH LLP**
1111 Bagby, Suite 2100
Houston, TX 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
Email: rchorush@hpcllp.com
Email: mjones@hpcllp.com

*Attorneys for Plaintiff Drogueria Betances,*
*LLC and the direct purchaser class*

By: *Kristyn Fields*
Kristyn Fields
**FARUQI & FARUQI, LLP**
685 Third Ave., Floor 26
New York, NY 10017
Tel.: (212) 983-9330
Fax: (212) 983-9331
Email: kfields@faruqilaw.com

Peter Kohn
Joseph T. Lukens
**FARUQI & FARUQI, LLP**
101 Greenwood Ave., Suite 600
Jenkintown, PA 19046
Tel: (215) 277-5770
Email: pkohn@faruqilaw.com
Email: jlukens@faruqilaw.com

David F. Sorensen
Caitlin G. Coslett
**BERGER & MONTAGUE, P.C.**
1622 Locust St.
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: dsorensen@bm.net
Email: ccoslett@bm.net

*Attorneys for Plaintiff Rochester Drug Co-*
*Operative, Inc. and the direct purchaser class*

choltzman@gelaw.com
amccowan@gelaw.com

*Attorneys for Plaintiff Law Enforcement*
*Health Benefits Inc. and the end-payor class*

By:
Robert G. Eisler
Deborah A. Elman
Chad B. Holtzman
Allison J. McCowan
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
reisler@gelaw.com
delman@gelaw.com
choltzman@gelaw.com
amccowan@gelaw.com

Jason S. Hartley
Jason M. Lindner
**HARTLEY LLP**
550 West C St., Ste 1750
San Diego, CA 92101
Tel: (619) 400-5822
Fax: (619) 400-5832
hartley@hartleyllp.com
lindner@hartleyllp.com

Jon R. Stickman
Ashley M. Bond
Amy McDonnell
**DUNCAN & ALLEN**
1730 Rhode Island Ave, NW, Ste. 700
Washington, DC 20036
Tel: (202) 289-8400
Fax: (202) 289-8450
jrs@duncanallen.com
amb@duncanallen.com
aem@duncanallen.com

*Attorneys for Plaintiff Turlock Irrigation*
*District and the end-payor class*

8

Russell A. Chorush
Miranda Jones
**HEIM PAYNE & CHORUSH LLP**
1111 Bagby, Suite 2100
Houston, TX 77002
Tel: (713) 221-2000
Fax: (713) 221-2021
Email: rchorush@hpcllp.com
Email: mjones@hpcllp.com

*Attorneys for Plaintiff Drogueria Betances,*
*LLC and the direct purchaser class*

By:
Kristyn Fields
**FARUQI & FARUQI, LLP**
685 Third Ave., Floor 26
New York, NY 10017
Tel.: (212) 983-9330
Fax: (212) 983-9331
Email: kfields@faruqilaw.com

Peter Kohn
Joseph T. Lukens
**FARUQI & FARUQI, LLP**
101 Greenwood Ave., Suite 600
Jenkintown, PA 19046
Tel: (215) 277-5770
Email: pkohn@faruqilaw.com
Email: jlukens@faruqilaw.com

David F. Sorensen
Caitlin G. Coslett
**BERGER & MONTAGUE, P.C.**
1622 Locust St.
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: dsorensen@bm.net
Email: ccoslett@bm.net

*Attorneys for Plaintiff Rochester Drug Co-*
*Operative, Inc. and the direct purchaser class*

choltzman@gelaw.com
amccowan@gelaw.com

*Attorneys for Plaintiff Law Enforcement*
*Health Benefits Inc. and the end-payor class*

By:
Robert G. Eisler
Deborah A. Elman
Chad B. Holtzman
Allison J. McCowan
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
reisler@gelaw.com
delman@gelaw.com
choltzman@gelaw.com
amccowan@gelaw.com

Jason S. Hartley
Jason M. Lindner
**HARTLEY LLP**
550 West C St., Ste 1750
San Diego, CA 92101
Tel: (619) 400-5822
Fax: (619) 400-5832
hartley@hartleyllp.com
lindner@hartleyllp.com

Jon R. Stickman
Ashley M. Bond
Amy McDonnell
**DUNCAN & ALLEN**
1730 Rhode Island Ave, NW, Ste. 700
Washington, DC 20036
Tel: (202) 289-8400
Fax: (202) 289-8450
jrs@duncanallen.com
amb@duncanallen.com
aem@duncanallen.com

*Attorneys for Plaintiff Turlock Irrigation*
*District and the end-payor class*

8

By: _____

Robert N. Kaplan
Matthew P. McCahill
Ralph E. Labaton
**KAPLAN FOX & KILSHEIMER, LLP**
850 Third Avenue, 14th Floor
New York, New York 10022
Tel: 212-687-1980
Fax: 212-687-7714
Email: rkaplan@kaplanfox.com
Email: mmccahill@kaplanfox.com
Email: rlabaton@kaplanfox.com

Joseph M. Vanek
David P. Germaine
**VANEK, VICKERS & MASINI P.C.**
55 W. Monroe, Suite 3500
Chicago, Illinois 60603
Tel: 312-224-1500
Fax: 312-224-1510
Email: jvanek@vaneklaw.com
Email: dgermaine@vancklaw.com

*Attorneys for Plaintiff FWK Holdings, LLC
and the direct purchaser class*

By: _____

Benjamin M. Greenblum
**WILLIAMS & CONNOLLY LLP**
650 Fifth Avenue, Suite 1500
New York, New York 10019
Tel: (646) 949-2800
Fax: (646) 949-2801
bgreenblum@wc.com

*Attorneys for Defendants Endo
Pharmaceuticals Inc. and Par
Pharmaceutical, Inc.*

By:
Evan R. Chesler
Julie A. North
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
echesler@cravath.com
jnorth@cravath.com

*Attorneys for Defendants Novartis
Pharmaceuticals Corporation and Novartis
Corporation*

**IT IS SO ORDERED.**

Dated: _____, 2018

By: _____
Hon. Alvin K. Hellerstein
United States District Judge

9

By:
Robert N. Kaplan
Matthew P. McCahill
Ralph E. Labaton
**KAPLAN FOX & KILSHEIMER, LLP**
850 Third Avenue, 14th Floor
New York, New York 10022
Tel: 212-687-1980
Fax: 212-687-7714
Email: rkaplan@kaplanfox.com
Email: mmccahill@kaplanfox.com
Email: rlabaton@kaplanfox.com

Joseph M. Vanek
David P. Germaine
**VANEK, VICKERS & MASINI P.C.**
55 W. Monroe, Suite 3500
Chicago, Illinois 60603
Tel: 312-224-1500
Fax: 312-224-1510
Email: jvanek@vaneklaw.com
Email: dgermaine@vaneklaw.com

*Attorneys for Plaintiff FWK Holdings, LLC
and the direct purchaser class*

By:
Benjamin M. Greenblum
**WILLIAMS & CONNOLLY LLP**
650 Fifth Avenue, Suite 1500
New York, New York 10019
Tel: (646) 949-2800
Fax: (646) 949-2801
bgreenblum@wc.com

*Attorneys for Defendants Endo
Pharmaceuticals Inc. and Par
Pharmaceutical, Inc.*

By:
Evan R. Chesler
Julie A. North
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
echesler@cravath.com
jnorth@cravath.com

*Attorneys for Defendants Novartis
Pharmaceuticals Corporation and Novartis
Corporation*

**IT IS SO ORDERED.**

Dated: _____, 2018          By: _____
                                             Hon. Alvin K. Hellerstein
                                             United States District Judge

9

By:
Robert N. Kaplan
Matthew P. McCahill
Ralph E. Labaton
**KAPLAN FOX & KILSHEIMER, LLP**
850 Third Avenue, 14th Floor
New York, New York 10022
Tel: 212-687-1980
Fax: 212-687-7714
Email: rkaplan@kaplanfox.com
Email: mmccahill@kaplanfox.com
Email: rlabaton@kaplanfox.com

Joseph M. Vanek
David P. Germaine
**VANEK, VICKERS & MASINI P.C.**
55 W. Monroe, Suite 3500
Chicago, Illinois 60603
Tel: 312-224-1500
Fax: 312-224-1510
Email: jvanek@vaneklaw.com
Email: dgermaine@vaneklaw.com

*Attorneys for Plaintiff FWK Holdings, LLC
and the direct purchaser class*

By:
Benjamin M. Greenblum
**WILLIAMS & CONNOLLY LLP**
650 Fifth Avenue, Suite 1500
New York, New York 10019
Tel: (646) 949-2800
Fax: (646) 949-2801
bgreenblum@wc.com

*Attorneys for Defendants Endo
Pharmaceuticals Inc. and Par
Pharmaceutical, Inc.*

By: Julie A. North /GF
Evan R. Chesler
Julie A. North
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
echesler@cravath.com
jnorth@cravath.com

*Attorneys for Defendants Novartis
Pharmaceuticals Corporation and Novartis
Corporation*

**IT IS SO ORDERED.**

Dated: _8/3/18_, 2018

By: _____
Hon. Alvin K. Hellerstein
United States District Judge

9

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437 13-MD-2437 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### PRETRIAL ORDER NO. 3 -- CASE MANAGEMENT

**AND NOW,** this 7th day of May, 2013, at least 24 actions have been filed on behalf of a proposed class of plaintiffs that directly purchased drywall from defendants (the "Direct Purchaser Actions," identified in Attachment 1 hereto) and at least 3 actions have been filed on behalf of a putative class of plaintiffs that indirectly purchased drywall from defendants (the "Indirect Purchaser Actions," identified in Attachment 2 hereto) (collectively, the "Actions") for alleged violations of the antitrust laws, pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1 and various state laws in the case of the Indirect Purchaser Actions; and

On April 8, 2013, the Judicial Panel on Multidistrict Litigation issued a transfer order centralizing the Actions in this District under the caption In re Domestic Drywall Antitrust Litigation, MDL No. 2437; and in order to promote judicial economy and avoid duplication, the Court finds that it would be appropriate to provide procedures for consolidation and/or coordination of the Actions. Most of the following paragraphs have been agreed upon by all counsel.

It is hereby **ORDERED** as follows:

## A. CONSOLIDATION AND/OR COORDINATION OF DIRECT PURCHASER AND INDIRECT PURCHASER ACTIONS

1. All of the pending Direct Purchaser Actions and any Direct Purchaser antitrust actions hereafter filed in or transferred to this Court are hereby consolidated for all pretrial purposes pursuant to Fed. R. Civ. P. 42(a).

2. All of the pending Indirect Purchaser Actions and any Indirect Purchaser antitrust actions hereafter filed in or transferred to this Court are hereby consolidated for all pretrial purposes pursuant to Fed. R. Civ. P. 42(a).

3. The Direct Purchaser and Indirect Purchaser Actions shall be coordinated for pretrial purposes.

4. This Case Management Pretrial Order No. 3 for All Direct Purchaser and Indirect Purchaser Actions (the "Order") shall apply as specified to each case that relates to the *In re Domestic Drywall Antitrust Litigation* that is subsequently filed in this Court or transferred to this Court and is consolidated with the Actions.

5. A master file and docket (the "Master File" and "Master Docket," respectively) is hereby established for this proceeding under MDL No. 2437. All papers filed in these Actions shall bear the identification "MDL No. 2437," and shall bear a caption conforming to the specifications provided below in Paragraphs 8 and 9. The Court's website will establish a "link" for Court Orders and certain other docket entries in this case under the web address http://www.paed.uscourts.gov/mdl2437.asp.

6. An original of this Order shall be filed by the Clerk in the Master File

7. The Clerk shall serve a copy of this Order on all counsel of record in any related *In re Domestic Drywall Antitrust Litigation* action, by the CM/ECF system.

8. Every pleading filed in connection with an *In re Domestic Drywall Antitrust Litigation* action shall bear the following caption:

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437 13-MD-2437 |
| THIS DOCUMENT RELATES TO: | |

9.     When a pleading or other filing is intended to be applicable to all coordinated actions, the words "All Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above. When a pleading or other filing is intended to be applicable to all consolidated Direct Purchaser Actions, the words "All Direct Purchaser Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above. When a pleading or other filing is intended to be applicable to all consolidated Indirect Purchaser actions, the words "All Indirect Purchaser Actions" shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption set forth above. When a pleading or other filing is intended to be applicable to less than All Actions, All Direct Purchaser Actions or All Indirect Purchaser Actions, the separate caption and docket number for each individual action to which the pleading is intended to be applicable shall appear immediately after or below the words "THIS DOCUMENT RELATES TO:" in the caption described above.

10.     When a pleading is filed and the caption, pursuant to the foregoing, shows that it is applicable to All Actions, All Direct Purchaser Actions or All Indirect Purchaser Actions, the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed or docket entries made.

11.     When a pleading is filed and the caption, pursuant to the foregoing, shows that it is applicable to fewer than All Actions, All Direct Purchaser Actions or All Indirect Purchaser

Actions, the Clerk need file such pleadings in both the Master File and in the docket(s) for each such individual action to which the pleading is intended to be applicable, and shall note the filing in both the Master Docket and the individual docket of each such action.

12.     This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of *In re Domestic Drywall Antitrust Litigation,* Master File No. 2437.

13.     When a case that arises out of or relates to the same subject matter of the *In re Domestic Drywall Antitrust Litigation* is hereinafter filed in this Court or transferred from another court, the Clerk of this Court shall:

> a.  send via electronic mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and
>
> b.  make the appropriate entry in the Master Docket.

14.     Each action that arises out of or relates to the same subject matter of the *In re Domestic Drywall Antitrust Litigation* that has been or is subsequently filed in or transferred to this Court shall be consolidated with the Actions and this Order shall apply thereto, unless a party objects to consolidation or any provision of this Order.  Any objection to this Order shall be made within ten (10) days after the date upon which a copy of this Order is served on counsel for any party, by filing an application for relief with the Court.  Nothing in the foregoing shall be construed as a waiver of any defendant's right to object to consolidation of any previously filed or transferred related action.

15.     Filing of documents via the Court's ECF system shall be deemed to satisfy the service requirement as to all parties whose counsel receive ECF notices electronically.  All attorneys of record must register for ECF and must file an appearance through the ECF system. No service is required on any party not registered for ECF.  Service of any document that is not

4

electronically filed via ECF shall be made on plaintiffs by serving a copy of the paper by overnight mail service, electronic mail, telecopy or hand delivery on Direct Purchaser co-lead counsel, Indirect Purchaser lead counsel, or all of them, as appropriate. If service of documents not electronically filed via ECF is to be made on a defendant, such service can be made via serving a copy of the paper by overnight mail service, electronic mail, telecopy or hand delivery on counsel for the defendant.

16. The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named and properly served in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the coordination ordered herein shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

17. As previously ordered by this Court, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation once the filing fee is paid. Association of local co-counsel is not required. *See Janicki Drywall, Inc. v. Certainteed Corp., et al.*, No. 2:12-cv-07106-MMB (Doc. No. 3).

18. As to any filing which is accompanied by voluminous exhibits, counsel shall mail or deliver a single paper copy to Chambers. All exhibits must be tabbed.

**B.** **ORGANIZATION OF COUNSEL**

19. On February 7, 2013, this Court appointed H. Laddie Montague, Jr., Esq., Kit Pierson, Esq., and Eugene Spector, Esq. as interim co-lead counsel for direct purchaser plaintiffs, appointed H. Laddie Montague, Jr., Esq., as interim liaison counsel for all plaintiffs, and appointed Steven Bizar, Esq. as interim lead counsel and interim liaison counsel for all defendants, subject to further orders. *See Janicki Drywall, Inc. v. Certainteed Corp., et al.*, No. 2:12-cv-07106-MMB (Doc. No. 59). The Court hereby confirms those appointments as lead and liaison counsel until any further Order of this Court.

5

20.     Also on February 7, 2013, this Court appointed Whitney Street, Esq., of the law firm Block & Leviton LLP, as interim lead counsel for indirect purchaser plaintiffs. During the course of this litigation, three law firms, Block & Leviton LLP, Green & Noblin, P.C. and Finkelstein Thompson LLP, have worked together to jointly prosecute the indirect purchaser action and have cooperated to ensure the efficient and effective litigation of this matter. These three firms seek to have this co-lead structure recognized by the Court. Accordingly, the Court hereby confirms the appointment of Ms. Street of Block & Leviton LLP, Ms. Lesley Weaver of Green & Noblin, P.C. and Mr. Douglas Thompson of Finkelstein Thompson LLP as co-lead counsel for the indirect purchaser plaintiffs. To eliminate any burden on the Court regarding the need to communicate with multiple counsel, the Court directs Ms. Street to act as the contact between the Court and co-lead counsel for the indirect purchaser plaintiffs, as necessary.

21.     As previously ordered by this Court, the duties of plaintiffs' co-lead counsel for the direct purchaser plaintiffs and indirect purchaser plaintiffs, respectively, each for their own groups, will be as described in the Manual for Complex Litigation, 4th Edition, and shall include the following:

      a.     Plaintiffs' co-lead counsel shall have the authority and responsibility for the day-to-day management of the interests of the plaintiffs in the litigation, and shall call meetings and otherwise manage the work among all counsel.

      b.     Plaintiffs' co-lead counsel shall have sole authority over the following matters on behalf of plaintiffs: (a) the initiation, response, scheduling, briefing and argument of all motions; (b) the scope, order and conduct of all discovery proceedings; (c) such work assignments to other plaintiffs' counsel as they may deem appropriate; (d) the retention of experts; (e) designation of which attorneys may appear at hearings and conferences

6

with the Court; (f) the timing and substance of any settlement negotiations with defendants; and (g) other matters concerning the prosecution or resolution of their respective cases. Plaintiffs' co-lead counsel shall have responsibility for major decisions on behalf of plaintiffs' counsel regarding the overall prosecution of the Actions.

c.     No motion shall be initiated or filed on behalf of any plaintiff except through plaintiffs' co-lead counsel and liaison counsel, without leave of Court.

d.     Plaintiffs' co-lead counsel shall have sole authority to communicate with defendants' counsel and the Court on behalf of all plaintiffs, unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with co-lead counsel, and such agreements shall be binding on all other plaintiffs' counsel in their respective cases.

e.     On a monthly basis, plaintiffs' co-lead counsel shall collect reports, on a standardized form, of contemporaneously prepared attorney and paralegal time and expense records from each firm working on behalf of plaintiffs. On a monthly basis, each plaintiffs' firm that may seek an award of a fee by the Court shall transmit to plaintiffs' co-lead counsel a report summarizing according to each separate activity the time and expense spent by its members, associates or staff during the preceding month, the ordinary billing rates of such attorneys in effect during that time, and the accumulated total of the firm's time, hourly rates and expenses to date.

f.   On a quarterly basis, co-lead counsel for plaintiffs shall submit a summary of these reports to the Court *in camera*. These reports will not be docketed.

## C.     **PRELIMINARY SCHEDULE OF PROCEEDINGS**

22.   The Direct Purchaser Plaintiffs:

a.   Shall file a Consolidated Amended Complaint (the "Direct Purchaser Complaint") within forty-five (45) days after the Court's entry of this Case Management Pretrial Order No. 3. The Direct Purchaser Complaint shall supersede all complaints filed in the individual direct purchaser plaintiff cases that have been consolidated, as well as the Consolidated Direct Purchaser Class Action Complaint filed in this Court on March 4, 2013, and no response to the individual direct purchaser plaintiff complaints or the previously filed Consolidated Direct Purchaser Class Action Complaint shall be required.

b.   Shall serve the Direct Purchaser Complaint in accordance with Paragraph 15 on all defendants who have previously been served with a summons and direct purchaser plaintiff complaint or who have previously waived service thereof and shall serve the Direct Purchaser Complaint on any defendant who has not been served pursuant to Fed. R. Civ. P. 4(e), (f), or (h) (as applicable) within sixty (60) days thereafter.

c.   Any defendant that has been served with the Direct Purchaser Complaint in accordance with subparagraph (b) shall answer, move or otherwise plead in response to the Direct Purchaser Complaint thirty (30) days after such service.

d.      The direct purchaser plaintiffs shall respond, if so required, to such motion(s) or pleading(s) within thirty (30) days of the date of service.

e.      Defendants may respond to any opposition memorandum filed by the direct purchaser plaintiffs within twenty-one (21) days of the date of service.

23.      The Indirect Purchaser Plaintiffs:

a.      Shall file a Consolidated Amended Complaint (the "Indirect Purchaser Complaint") within forty-five (45) days after the Court's entry of this Case Management Order No. 3.    The Indirect Purchaser Complaint shall supersede all complaints filed in the individual indirect purchaser plaintiff cases that have been consolidated, as well as the indirect purchaser Consolidated Class Action Complaint filed in this Court on March 4, 2013, and no response to the individual indirect purchaser plaintiff complaints or the previously filed indirect purchaser Consolidated Class Action Complaint shall be required.

b.      Shall serve the Indirect Purchaser Complaint in accordance with Paragraph 15 on all defendants who have previously been served with a summons and indirect purchaser plaintiff complaint or who have previously waived service thereof and shall serve the Indirect Purchaser Complaint on any defendant who has not been served pursuant to Fed. R. Civ. P. 4(e), (f), or (h) (as applicable) within sixty (60) days thereafter.

c.      Any defendant that has been served with the Indirect Purchaser Complaint in accordance with subparagraph (b) shall answer, move or otherwise plead in response to the Indirect Purchaser Complaint thirty (30) days after such service.

d.      The indirect purchaser plaintiffs shall respond, if so required, to such motion(s) or pleading(s) within thirty (30) days of the date of service.

e.      Defendants may respond to any opposition memorandum filed by the indirect purchaser plaintiffs within twenty-one (21) days of the date of service.

**D.      CLASS CERTIFICATION SCHEDULE**

24.      Local Rule 23.1(c) is suspended during the pendency of the consolidated Direct Purchaser Actions and Indirect Purchaser Actions. Deadlines for the filing of motions for class certification by the Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs will be set at an appropriate time.

**E.      PRELIMINARY DISCOVERY ISSUES**

25.      Direct Purchaser Co-Lead Counsel, Indirect Purchaser Lead Counsel and counsel for the defendants shall meet and confer and jointly submit the following to the Court within thirty (30) days of service of the Consolidated Amended Complaints:

a.      Proposed Protective Order;

b.      Proposed Expert Discovery Stipulation;

c.      Proposed Electronically Stored Information ("ESI") Protocol[1]; and

d.      Discovery Plan.

If the parties are unable to reach agreement as to any of these items, the proposed order, stipulation, protocol or plan shall include alternative provisions proposed by each side, or any

---

[1]      On the topic of ESI, plaintiffs' and defendants' counsel, may consider employing a single recognized vendor experienced in these matters. Current technology may allow a single firm to work for all parties, with some shared work and software. Assuming the same technology can be used by both plaintiffs and defendants, strict protections can prevent against divulging confidential or privileged information to opposing counsel. This vendor can collect data from all parties, and provide information on a "single platform" which may save considerable expenses.
          If counsel are unable to agree on a single provider, then provisions should be made for accessing and producing ESI on a most economical basis.

party, and each side, or any party, shall submit a separate statement in a letter brief of no more than three pages (single-spaced) per issue succinctly stating its or their positions concerning the provisions on which agreement was not reached.

**F.    MISCELLANEOUS**

26.    This Court will hold a Status Conference for all cases in MDL 2437 on Wednesday, August 14, 2013 , commencing at 1:00 p.m. in Courtroom 3A.  Lead counsel shall file an agenda by August 9, 2013.  Co-lead counsel of plaintiffs will designate whether any additional plaintiffs' counsel are necessary for attending.  A limited number of out-of-town counsel may attend by telephone.

**BY THE COURT:**

_____
**MICHAEL M. BAYLSON, U.S.D.J.**

O:\13-MD-2437 - drywall\13md2437.pretrial.order.3.docx