**GARWIN GERSTEIN & FISHER** LLP

88 Pine Street, 10th Floor, New York, NY 10005 | Telephone: (212) 398-0055 | Fax: (212) 764-6620
_____

| **Bruce E. Gerstein** | **Kimberly M. Hennings** | **Anna Tydniouk** |
| **Scott W. Fisher** | **Elena K. Chan** | **Aakruti G. Vakharia** |
| **Joseph Opper** | **Dan Litvin** | |
| **Noah H. Silverman** | **Jonathan M. Gerstein** | |

Sender's e-mail: bgerstein@garwingerstein.com

September 9, 2020

**VIA ECF**
Hon. Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street
Courtroom 15C, Room 701
New York, NY 10007-1312

Re: ***J M Smith Corporation d/b/a Smith Drug Company, et al. v. Forest Laboratories LLC, et al.***, No. 20-cv-5735 (LJL); ***J M Smith Corporation d/b/a Smith Drug Company v. Watson Pharma. Inc., et al.***, No. 20-cv-7110 (LJL)

Dear Judge Liman,

Plaintiff J M Smith Drug Corporation d/b/a Smith Drug Co. ("Smith") respectfully requests an Order[1] appointing Bruce E. Gerstein and his firm, Garwin Gerstein & Fisher LLP ("Garwin"), and David F. Sorensen and his firm, Berger Montague PC ("Berger"), as interim co-lead class counsel for the direct purchaser class pursuant to FED. R. CIV. P. 23(g)(3). Smith also proposes an executive committee as set forth below. Smith's motion is unopposed.

**I.   INTRODUCTION**

Garwin, Berger and their co-counsel[2] invested substantial resources in identifying, investigating, developing and filing the first complaint concerning Defendants' conduct. But-for this group of counsel, Defendants' wrongdoing may not have been challenged.

Garwin, Berger and their co-counsel comprising the proposed executive committee are the first group of lawyers to bring generic delay antitrust cases, starting in 1998, and have the most experience of any group litigating such cases on behalf of direct purchasers. This group has been extremely selective with the actions filed and spared no expense in their prosecution. As a result, we have together recovered over $3.3 billion in cash on direct purchasers' behalf over dozens of cases. Garwin and Berger have thereby earned the confidence and respect of putative class members, with whom they frequently communicate, and whose interests they diligently pursue. These relationships have aided in the successful resolution of these cases.

___

[1] A proposed order is appended hereto as Exhibit A.
[2] The resumes of the counsel for Smith and the proposed direct purchaser class are attached at Exhibit B.

Garwin and Berger exceed all requirements to be named interim co-lead counsel on behalf of the direct purchaser class, and it is respectfully submitted that the proposed executive committee will aid in the efficient litigation of this case. This motion is unopposed.

## II. LEGAL STANDARD

Courts "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3). Appointing interim counsel now will serve the interests of the class and the Court since it will set expectations and responsibilities for the conduct of counsel and the efficient prosecution of this case. *See, e.g.*, *Buonasera v. Honest Co.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (quoting Manual for Complex Litigation, Fourth, § 21.11 ("Manual")) ("[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]").

The factors "which govern the appointment of class counsel once a class is certified, are widely accepted to apply to the designation of interim class counsel before certification as well." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2011 WL 5980198, at *2 (S.D.N.Y. Nov. 29, 2011). The factors are:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

*Buonasera*, 318 F.R.D. at 18. Even when only "one applicant seeks appointment as class counsel," FED. R. CIV. P. 23(g)(2) provides for such appointment if these factors are met.

### A.    Garwin and Berger Satisfy All of Rule 23(g)(1)(A)'s Requirements

#### 1.    *Garwin and Berger Investigated the Class's Claims*

Before filing the complaint, Garwin and Berger, along with the proposed executive committee, investigated the facts and thoroughly analyzed the complex legal issues that they anticipate will arise in this case. Together, they researched the Bystolic market, the merits of the patents purportedly covering Bystolic, the regulatory landscape governing brand and generic Bystolic approval, and the publicly available information regarding Defendants' conduct. Garwin and Berger filed this case on July 9, 2020.[3] No other counsel has filed a similar lawsuit on behalf of direct purchasers. The first factor set forth in *Buonasera* is satisfied where, as here, counsel have "conducted the first and . . . the most exhaustive investigation . . ." *Buonasera*, 318 F.R.D. at 18. *See also In re Interest Rate Swaps Antitrust Litig.*, 2016 WL 4131846, at *3 (S.D.N.Y. Aug. 3, 2016), (first factor "compellingly favors appointment" where counsel "filed the first class action complaint . . . not by piggybacking on an existing . . . action, but by undertaking an independent investigation.").

---

[3] The direct purchaser class case was initially filed in the Northern District of California.

### 2.     *Garwin and Berger Possess the Experience to Best Represent the Class*

Garwin and Berger have directed the course of pharmaceutical antitrust cases for more than twenty years, and have developed extensive, specialized experience in their prosecution, including: (1) setting the overarching litigation strategy; (2) directing fact and expert discovery; (3) writing dispositive and class motions; (4) oral argument; (5) retaining and coordinating experts; (6) trial; (7) appeal; and (8) settlement.

Over two decades, Garwin and Berger have been appointed sole lead or co-lead counsel in numerous direct purchaser pharmaceutical antitrust cases, recovering more than three billion dollars. These cases were litigated in close coordination with the members of the proposed executive committee.[4] The firm resumes appended hereto at Exhibit B provide additional details.

Numerous courts have noted Garwin's and Berger's ability to litigate with rigor, precision, professionalism, efficiency and expertise. *See, e.g.*, *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-2472, Hr'g Tr., at p. 32 (D.R.I. Aug. 27, 2020) (appended as Exhibit C) (court noted "I can't imagine attorneys litigating a case more rigorously than you all did in this case" and "[t]he level of representation of all parties in terms of sophistication of counsel, was, in my view, of the highest levels. I can't imagine a case in which there was really a higher quality of representation across the board than this one."); *Davis v. Eastman Kodak Co.*, 758 F. Supp. 2d 190, 203 (W.D.N.Y. 2010) (in race discrimination class action, explaining that "the Court would be remiss if it did not commend class counsel and all those who worked for firms representing

---

[4] The cases are *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-07488 (S.D.N.Y.) (settled for $750 million); *In re Modafinil Antitrust Litig.*, No. 06-1797 (E.D. Pa.) ($512 million); *In re Tricor Direct Purchaser Antitrust Litig.*, No. 05-340 (D. Del.) ($250 million); *In re Buspirone Antitrust Litig.*, No. 01-7951 (S.D.N.Y.) ($220 million); *In re Neurontin Antitrust Litig.*, No. 02-1830 (D.N.J.) (settled for $190 million); *In re Relafen Antitrust Litig.*, No. 01-12239 (D. Mass.) ($175 million); *In re Lidoderm Antitrust Litig.*, No. 14-02521 (N.D. Cal.) ($166 million); *In re Aggrenox Antitrust Litig.*, No. 14-2516 (D. Conn.) ($146 million); *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-2472 (D.R.I.) ($120 million); *In re Cardizem Antitrust Litig.*, No. 99-1278 (E.D. Mich.) ($110 million); *In re Prograf Antitrust Litig.*, No. 11-2242 (D. Mass.) ($98 million); *In re Solodyn Antitrust Litig.*, No. 14-MD-2503-DJC (D. Mass.) ($76 million); *In re Remeron Antitrust Litig.*, No. 02-02007 (D.N.J.) ($75 million); *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99-1317 (S.D. Fla.) ($75 million); *In re K-Dur Antitrust Litig.*, No. 01-1652 (D.N.J.) ($60.2 million); *Meijer, Inc. v. Abbott Labs.*, No. 07-5985 (N.D. Cal.) ($57 million); *In re Hypodermic Prods. Direct Purchaser Antitrust Litig.*, No. 05-01602 (D.N.J.) ($45 million); *In re Wellbutrin XL Antitrust Litig.*, No. 08-2431 (E.D. Pa.) ($37.5 million); *In re Nifedipine Antitrust Litig.*, No. 03-223 (D.D.C.) ($35 million); *In re DDAVP Direct Purchaser Antitrust Litig.*, No. 05-2237 (S.D.N.Y.) ($20.25 million); *In re Metoprolol Succinate Direct Purchaser Antitrust Litig.*, No. 06-52 (D. Del.) ($20 million); *In re: Prandin Antitrust Litig.*, No. 10-12141 (E.D. Mich.) ($19 million); *Rochester Drug Co-Operative, Inc. v. Braintree Labs., Inc.*, No. 07-0142 (D. Del.) ($17.25 million); *In re OxyContin Antitrust Litig.*, MDL No. 04-1603 (S.D.N.Y) ($16 million); *In re Asacol Antitrust Litig.*, No. 15-12730 (D. Mass.) ($15 million); *In re Novartis and Par Antitrust Litig.*, No. 18-4361 (S.D.N.Y) (pending); *In re Opana ER Antitrust Litig.*, No. 14-10150 (N.D. Ill.) (pending); *In re Niaspan Antitrust Litig.*, No. 13-2460 (E.D. Pa.) (pending); *In re Lamictal Antitrust Litig.*, No. 12-995 (D.N.J.) (pending); *In re Lipitor Antitrust Litig.*, No. 12-233 (D.N.J.) (pending); *In re EpiPen Direct Purchaser Litig.*, No. 20-cv-0827 (D. Minn.) (pending).

3

the thousands of current and former employees of Kodak for the outstanding job they did . . . Their legal work . . . was exemplary, their tireless commitment to seeking justice for their clients was unparalleled and their conduct as officers of the court was beyond reproach"); *Natchitoches Par. Hosp. Serv. Dist. v. Tyco Int'l*, 2010 WL 11693979, at *4 (D. Mass. Mar. 12, 2010) ("Class Counsel have skillfully and efficiently prosecuted this difficult and complex action on behalf of the members of the Class."); *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 80 (D. Mass. 2005) (approving settlement, explaining that "[t]his Court has consistently noted the exceptional efforts of class counsel"; "[t]his proposed settlement is the result of a great deal of very fine lawyering on behalf of the parties and counsel that are before the Court,"; "[t]here's been outstanding lawyering throughout.").

Garwin's and Berger's vast experience in similar cases makes them best suited to serve as interim co-lead class counsel for the direct purchaser class.

### 3. *Garwin and Berger Have Specialized Knowledge in Pharmaceutical Antitrust Law*

Leadership in dozens of direct purchaser pharmaceutical antitrust class actions has afforded Garwin and Berger, and the proposed executive committee, an expertise in the antitrust, patent, and regulatory law that will govern this case. Garwin and Berger have, over two decades, developed a keen eye for complex factual issues that arise in these cases, including technical manufacturing, economic and causation issues. This expertise weighs in favor of their appointment as interim co-lead class counsel for the direct purchaser class. The proposed executive committee firms, including the law firms of Heim Payne & Chorush, LLP ("HPC"), Odom & Des Roches LLC ("ODR"), Smith Segura Raphael & Leger, LLP ("SSRL"), and Faruqi & Faruqi LLP ("F&F"), have further specialization in complex areas such as FDA/regulatory law, economics, patent law, and the drug wholesaler operations.

### 4. *Garwin and Berger Will Devote the Necessary Resources*

Garwin and Berger have repeatedly devoted all necessary resources to prevail. The proposed executive committee firms also have considerable experience, financial resources, and dozens of available attorneys to aggressively safeguard the class's interests. *See, e.g.*, *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 407 F. Supp. 3d 422, 438 (S.D.N.Y. 2019) (appointing as class counsel firms that had "committed sufficient resources to representing the class"); *Buonasera*, 318 F.R.D. at 18 (considering "the resources that counsel will commit to representing the class").

### B. Appointment of an Executive Committee Will Advance the Class's Interests

Courts often appoint an executive committee in complex class action cases to better define the roles of the various co-counsel in the case and apportion responsibilities. *E.g.*, Order Appointing Counsel, *In re Lidoderm Antitrust Litig.*, No. 3:14-md-02521, ECF No. 60, at ¶¶ 1, 4 (N.D. Cal. May 20, 2014) (appointing three firms as co-lead counsel and six additional firms as members of an executive committee); Case Management Order, *In re: Aluminum Warehousing*

4

*Antitrust Litig.*, No. 1:13-md-02481, ECF No. 216 (S.D.N.Y. Mar. 6, 2014) (appointing co-lead counsel and a steering committee for the direct purchaser class); Order Regarding Organization of Counsel, *King Drug of Florence, Inc. v. Cephalon, Inc.*, No. 06-cv-1797, ECF No. 196, at ¶ 1 (E.D. Pa. Aug. 18, 2009) (appointing executive committee in addition to lead counsel). Garwin and Berger respectfully suggest that an executive committee comprised of HPC, ODR, SSRL, and F&F will advance the interests of the direct purchaser class and the efficient prosecution of this matter. In addition to each firm's well-established expertise concerning antitrust law, they have particularized knowledge in the minutia of patent law (HPC), regulatory law (ODR), economics (F&F), and wholesaler operations (SSRL).

### III.   CONCLUSION

Garwin and Berger satisfy all of the requirements of FED. R. CIV. P. 23(g)(A)(1) and are best able to represent the direct purchaser class, consistent with the goal of achieving "efficiency and economy." *See* Manual at § 10.221. Smith respectfully asks the Court to enter the accompanying proposed order appointing Bruce E. Gerstein and Garwin and David F. Sorensen and Berger as interim co-lead counsel for the direct purchaser class with sole authority to direct the conduct of this litigation; and appointing ODR, HPC, SSRL, and F&F to the executive committee.

Dated: September 9, 2020                                    Respectfully Submitted,

                                                                                 */s/ Bruce E. Gerstein*

David F. Sorensen                                    Bruce E. Gerstein
Caitlin G. Coslett                                       Joseph Opper
Daniel C. Simons                                     Kimberly Hennings
**BERGER MONTAGUE PC**                    Dan Litvin
1818 Market Street, Suite 3600            **GARWIN GERSTEIN & FISHER LLP**
Philadelphia, PA 19103                          88 Pine Street, 10th Floor
Tel: (215) 875-3000                                New York, NY 10005
Fax: (215) 875-4604                                Tel: (212) 398-0055
dsorensen@bm.net                                 Fax: (212) 764-6620
ccoslett@bm.net                                      bgerstein@garwingerstein.com
dsimons@bm.net                                     jopper@garwingerstein.com
                                                                  khennings@garwingerstein.com
Peter Kohn                                               dlitvin@garwingerstein.com
Joseph T. Lukens
**FARUQI & FARUQI, LLP**                      Susan C. Segura
1617 JFK Boulevard, Suite 1550            David C. Raphael, Jr.
Philadelphia, PA 19103                          Erin R. Leger
Tel: (215) 277-5770                                **SMITH SEGURA RAPHAEL & LEGER, LLP**
Fax: (215) 277-5771                                3600 Jackson Street, Suite 111
pkohn@faruqilaw.com                          Alexandria, LA 71303
jlukens@faruqilaw.com                       Tel: (318) 445-4480

Kristyn Fields (No. KF-4461)
**FARUQI & FARUQI, LLP**
685 Third Ave., Floor 26
New York, NY 10017
Tel.: (212) 983-9330
Fax: (212) 983-9331
Email: kfields@faruqilaw.com

Russell A. Chorush
**HEIM PAYNE & CHORUSH, LLP**
1111 Bagby
Suite 2100
Houston, TX  77002
Tel:  (713) 221-2000
Fax:  (713) 221-2021
rchorush@hpcllp.com

Fax: (318) 487-1741
draphael@ssrllp.com
eleger@ssrllp.com

Stuart E. Des Roches
Andrew W. Kelly
**ODOM & DES ROCHES, L.L.P.**
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Tel: (504) 522-0077
Fax: (504) 522-0078
stuart@odrlaw.com
akelly@odrlaw.com

cc:     All counsel via ECF
        Counsel in end payor cases via email