# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **J M SMITH CORPORATION d/b/a Smith Drug Company, individually and on behalf of all others similarly situated,**<br><br>*Plaintiffs*<br><br>v.<br><br>**FOREST LABORATORIES LLC, ET AL.,**<br><br>*Defendants* | Civil Action No. 1:20-cv-5735-LJL |
| **J M SMITH CORPORATION d/b/a Smith Drug Company, individually and on behalf of all others similarly situated,**<br><br>*Plaintiffs*<br><br>v.<br><br>**WATSON PHARMA INC., ET AL.,**<br><br>*Defendants* | Civil Action No. 1:20-cv-7710-LJL |

**[PROPOSED] ORDER APPOINTING INTERIM LEAD COUNSEL AND AN EXECUTIVE COMMITTEE**

**WHEREAS**, on July 23, 2020, direct purchaser J M Smith Corporation d/b/a Smith Drug Company ("Smith") filed an antitrust class action complaint against AbbVie, Inc.; Allergan, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Forest Laboratories, Inc.; Forest Laboratories Holdings, Ltd.; Forest Laboratories, LLC; and Forest Laboratories Ireland Ltd. challenging their alleged anticompetitive conduct to delay market entry of generic versions of Bystolic (Civil Action No. 1:20-cv-5735, ECF No. 1);

**WHEREAS**, on September 1, 2020, direct purchaser Smith filed an antitrust class action complaint against Hetero USA Inc.; Hetero Labs Ltd.; Hetero Drugs Ltd.;; Torrent Pharmaceuticals Ltd.; Torrent Pharma Inc.; Alkem Laboratories Ltd.; Indchemie Health Specialties Private Ltd.; Glenmark Generics Inc., USA; Glenmark Generics Ltd.; Glenmark Pharmaceuticals S.A.; Amerigen Pharmaceuticals, Inc.; Amerigen Pharmaceuticals, Ltd.; Watson Laboratories, Inc. (NV); Watson Laboratories, Inc. (DE); Watson Laboratories, Inc. (NY); Watson Laboratories, Inc. (CT); Watson Pharma, Inc.; Watson Pharmaceuticals Inc.; Actavis, Inc.; Teva Pharmaceutical Industries Ltd.; and Teva Pharmaceuticals USA, Inc., challenging their alleged anticompetitive conduct to delay market entry of generic versions of Bystolic (Civil Action No. 1:20-cv-7110, ECF No. 1);

**WHEREAS**, additional direct purchaser actions and other related cases may be filed in, removed to, or transferred to this Court;

**WHEREAS**, direct purchaser plaintiff Smith now moves for appointment of interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g)(3).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms as interim co-lead counsel for the proposed class of direct purchasers:

GARWIN GERSTEIN & FISHER LLP
Bruce E. Gerstein
Joseph Opper
Kimberly M. Hennings
Dan Litvin
88 Pine Street, 10th Floor
New York, NY 10005
Tel:(212) 398-0055
Fax:(212) 764-6620
Email:bgerstein@garwingerstein.com
jopper@garwingerstein.com
khennings@garwingerstein.com

dlitvin@garwingerstein.com

BERGER MONTAGUE PC
David F. Sorensen
Caitlin G. Coslett
Daniel C. Simons
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel:   (215) 875-3000
Fax:   (215) 875-4604
Email: dsorensen@bm.net
       ccoslett@bm.net
       dsimons@bm.net

2. Interim co-lead counsel shall have sole authority over the following matters on behalf of the proposed direct purchaser class and all named plaintiffs in the direct purchaser class actions: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other counsel as interim co-lead counsel may deem appropriate; (e) the retention of experts; (f) designation of which attorneys may appear at hearings and conferences with the Court; (g) communications with counsel in any related actions and with counsel for the defendants; (h) the timing and substance of any settlement negotiations with the defendants, and decisions regarding acceptance of settlement proposals; (i) all financial expenditures; (j) the allocation of any Court awarded fees and costs among counsel in the direct purchaser class actions; and (k) any and all other matters concerning the prosecution or resolution of the direct purchaser class actions.

3. Only interim co-lead counsel may initiate or authorize the filing of any motions in the direct purchaser class actions.

4. Interim co-lead counsel shall have sole authority to communicate with the defendants' counsel and the Court on behalf of all plaintiffs in the direct purchaser class actions.

The defendants' counsel may rely on all agreements made only with interim co-lead counsel and such agreements shall be binding on all counsel in the direct purchaser class actions.

5.      Interim co-lead counsel shall work together to ensure that all work necessary to prosecute this action is allocated based on the skills and abilities of counsel representing the direct purchaser class, and that such decisions shall not be made on the basis of whether a firm is, or is not, co-lead counsel.

6.      All plaintiffs' counsel in the direct purchaser class actions must keep contemporaneous time and expense records and submit them periodically to interim co-lead counsel or their designee.

**IT IS SO ORDERED.**

Dated:

_____
Honorable Lewis J. Liman, U.S.D.J