```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/9/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
*In re Bystolic Antitrust Litigation*                            :
                                                                 :
                                                                 :
                                                                 :     20-cv-5735 (LJL)
                                                                 :
This Order relates to: All Actions                               :     MEMORANDUM & ORDER
                                                                 :
                                                                 :
                                                                 :
                                                                 :
-----------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      The parties have raised five issues with respect to the ESI protocol in this case, *see* Dkt. Nos. 232-234: (1) whether parties may redact non-responsive information that is also Highly Confidential, as defined by the parties' protective order; (2) whether parties may omit to produce wholly non-responsive documents that are attachments to responsive emails; (3) whether parties may produce word documents in TIFF format and not in native format; (4) whether to set a deadline for the production of a privilege log what the deadline should be; and (5) whether parties must include in a privilege log entries for individual emails that are part of a chain when the chain is logged.  The Court addresses these issues in turn.

      **1. Parties may redact certain non-responsive information that is also Highly Confidential, subject to certain conditions.**

      Defendants have proposed that a party should be permitted to redact non-responsive material that is also Highly Confidential as the term is defined in the parties' protective order at Dkt. No. 148.  The protective order defines Highly Confidential material as "any material, or portion of such material, which could cause a significant competitive or commercial disadvantage if shared with the Parties to this case." *Id*. at 2; *see id*. (enumerating examples of certain nonpublic, highly sensitive information).

      "The weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy." *Christine Asia Co, Ltd. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018) (internal quotation marks and citations omitted) (collecting cases).  Such is particularly the case where, as here, a protective order is in place.  *See Durling v. Papa John's Int'l, Inc.*, 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018)).

      Defendants, however, have identified a number of examples of other similar large pharmaceutical antitrust cases in which courts have permitted certain redactions over plaintiffs'

objections. *See, e.g.*, *In Re Namenda*, No. 15-cv-7488, Dkt. No. 349 (S.D.N.Y. Aug. 9, 2017); *In Re Aggrenox*, 14-md-2516, Dkt. No. 235 at 14 (D. Conn March 25, 2015). Defendants also argue that they have "no interest in expending resources on redacting irrelevant information that is not highly sensitive" and that, in essence, the provision will be self-policing. Due to the cost of making redactions, the Defendants will not be promiscuous in the redactions they make. Dkt. No. 234 at 2.

The Court is persuaded that this case is likely to require Defendants to produce large volumes of documents that are (1) non-responsive and (2) also Highlight Confidential, in the sense defined by the parties as competitively sensitive, and the disclosure of which to the Parties in the case could cause a significant competitive or commercial disadvantage to the party making the production. Therefore some provision like that proposed by Defendants is appropriate. At the same time, however, Defendants' argument proves too much. As the Court understands it, Plaintiffs' concern is not in the number of redactions but in how Defendants exercise the redaction authority. Plaintiffs are entitled to information, otherwise non-responsive, that *Plaintiffs* reasonably believe place the responsive information in context. It cannot be left to Defendants' unfettered discretion to determine what, in their view, is necessary to place the information in context. For example, information that provides necessary context to responsive information may include, without limitation, content that indicates the recipients of responsive information or date or circumstances under which responsive information was created or the relative importance of the responsive information (*e.g.*, is it a small part of a sea of information or is it one of a few items that would be of high importance).

Accordingly, the Court approves the Defendants' proposal but with two important additional conditions, similar to that adopted in the cases Defendants cite.

First, redaction of non-responsive and Highly Confidential information is not permitted where such redaction removes content that places the responsive information in context. That must be made explicit in the proposed ESI protocol.

Second, any redaction of non-responsive and Highly Confidential information must be accompanied by a statement by the producing party of the general nature of the redacted information and the reason for which it is deemed non-responsive and Highly Confidential sufficient for the receiving party to make an objection to the redaction. For examples of adequate descriptions as to why certain content may be deemed Highly Confidential, the parties may consult the examples of such content provided in the protective order. *See* Dkt. No. 148 at 2-3. For example, if the producing redacts information that is non-responsive and Highly Confidential because it concerns projected future sales for an unrelated drug and is not necessary to put the responsive information in context, the producing party shall replace the redacted information with a notation stating, in substance, "discussion of projected future sales for an unrelated drug." This practice will ensure that a party receiving redacted documents will have some basis for challenging a redaction on grounds that it either responsive or not Highly Confidential or is necessary to put the responsive information in context. It should also help ensure that the Defendants are not too promiscuous in their use of the authority permitted by the Court. (If the Defendants abuse this authority, the Court reserves the right to require the production of all of the redacted information.)

2. **Parties may withhold documents that are attached to emails that contain entirely non-responsive information.**

Parties are permitted to withhold documents that are attached to emails that are entirely non-responsive. This will create efficiencies in discovery and will not prejudice either party; Defendants' proposal includes protections including provision of a slip-sheet and metadata to identify any document withheld on that basis, and reserves the right of all parties to request a limited number of non-responsive attachments for review to ensure against any abuse.

3. **Parties may produce word documents in TIFF + format**

Defendants raise security and manageability concerns related to producing word documents in their native format, and Defendants' proposal shall be adopted with the exception elaborated below. With one exception identified below, Plaintiff has not demonstrated that it will be prejudiced by such practice. (Defendants' proposal to include a production "containing all of the extracted text" from any Word document produced, *see* Dkt. No. 234 at 3, undermines Plaintiff's argument that it will be limited in its ability to search the relevant documents.)

Plaintiffs aver that "[p]roduction of native Word documents is particularly crucial here given the importance of the redlined draft agreements exchanged during the negotiations of the challenged agreements." Dkt. No. 233 at 2. Notwithstanding the general practice outlined in the prior paragraph, Defendants shall produce any draft agreements (including term sheets) in native format so that any redline information is apparent to the receiving party. In addition to all draft agreements, any Word document containing redline edits shall be produced in native format.

4. **Privilege logs shall be produced within twenty-one (21) days of the corresponding production**

Rule 26 of the Federal Rules of Civil Procedure provides that when a party withholds documents on the grounds of privilege, it must both "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A). In addition, Local Civil Rule 26.2 requires that a party asserting a privilege in response to a document request provide:

> (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other . . .

Loc. Civ. R. 26.2(a)(2)(A); *see also S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 157 (S.D.N.Y. 2014). "In addition, the Local Civil Rules provide that a party claiming a privilege must provide the foregoing information in writing and within the time the response to the discovery request is due, unless the court orders otherwise." *Yorkville Advisors*, 300 F.R.D. at 157; *See* Loc. Civ. R. 26.2(b). "Thus, 'a privilege log must be received either within thirty days

of a request for documents or by a date that is agreed upon by the parties or set by the court.'" *Id.* (quoting *Strougo v. BEA Assoc.*, 199 F.R.D. 515, 521 (S.D.N.Y. 2001)).

As Plaintiffs point out, their proposal to permit production of a privilege log within twenty-one days of the corresponding production represents a three-week extension of these default rules. Although the Court would have accepted an agreement by the parties to delay the production of privilege logs until after the last production of documents, Defendants have not offered sufficient reason to permit a further extension that that already agreed to by Plaintiffs, in the absence of an agreement between the parties. The service of privilege logs with a document production permits the parties to meet and confer at an early stage regarding claims of privilege, eliminating time-consuming disputes at the end of discovery. Plaintiffs' proposal that privilege logs should be served within 21 days of each document production shall be adopted. As Plaintiffs note, this practice will not unduly burden Defendants, as they will have to review and determine privilege claims for responsive documents on an ongoing basis and before each production.

To realize the benefit of this practice, however, neither party should be permitted to delay its review of another party's privilege logs until the end of all of the productions, which would effectively create needless work for the producing party and eliminating the benefits of early production of privilege logs. If the Plaintiffs want Defendants to produce privilege logs with each production, Plaintiffs will need to review those privilege logs after each production. To the extent that any receiving party objects to designations in a privilege log of a producing party, they shall identify those objections to the producing party within thirty (30) days of the service of a privilege log and meet and confer regarding the claims of privilege. Failure to make an objection to the producing party to a claim of privilege within this time period will result in a waiver of any challenge to the assertion of privilege.

### 5. Privilege logs must include an entry for each email withheld as privileged.

Each email in an email thread "is a separate communication, for which a privilege may or may not be applicable." *Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, 2008 WL 4547190, at *1 (N.D. Cal. Oct. 10, 2008). Requiring privilege logs to include only one entry for each email thread containing withheld emails would limit the ability of the parties and the Court to effectively evaluate the basis of the privilege asserted. As another district court has explained:

> A string of emails, after all, is not just a single communication. It reflects a series of different communications that, because of the way in which it was printed or maintained, happens to exist as one document. Logging the details of only the ultimate, top, email would not accurately state how many separate communications are included in the withheld document, and who received which of those communications. Such an approach may deprive Plaintiffs, and a reviewing Court, of the ability to assess the claim of privilege.

*United States v. Davita, Inc.*, 301 F.R.D. 676, 685 (N.D. Ga. 2014), *reconsid. granted in part on other grounds*, 2014 WL 11531065 (N.D. Ga. May 21, 2014); *see id.* ("The emerging majority

view appears to be that individual emails within a string should be separately logged in some fashion.") (collecting cases).  Accordingly, each individual email withheld as privileged within an email thread must be logged.

The parties are ORDERED to meet and confer and propose a revised stipulation and proposed order regarding the production of ESI and hard copy documents within one week of the date of this order.  The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 234.

SO ORDERED.

Dated: March 9, 2021
       New York, New York                           _____
                                                    LEWIS J. LIMAN
                                                    United States District Judge