```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                   :
                                                                   :
                                                                   :
                                                                   :
                                                                   :
                                                                   :     20-cv-5735 (LJL)
IN RE BYSTOLIC ANTITRUST LITIGATION                                :
                                                                   :     OPINION & ORDER
                                                                   :
                                                                   :
                                                                   :
                                                                   :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/20/2021

LEWIS J. LIMAN, United States District Judge:

Direct Purchaser Class Plaintiffs ("Direct Purchaser Plaintiffs") move for an order permitting alternative service on Torrent Pharmaceuticals, Ltd. ("Torrent") via email to its Vice President (Legal) & Company Secretary Mahesh Agrawal at maheshagrawal@torrentpharma.com.  Dkt. No. 296.  End-Payor Plaintiffs (together with Direct Purchaser Class Plaintiffs, "Plaintiffs") join this motion.  Dkt. No. 299.  For the following reasons, the motion for alternative service on Torrent is granted.

## BACKGROUND

Plaintiffs allege that Defendants, including Torrent, participated in antitrust conspiracies to delay entry of generic versions of the brand drug Bystolic.  Torrent is an Indian company.

On October 9, 2020, Direct Purchaser Plaintiffs attempted service on Torrent through the Indian Central Authority in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") by sending a copy of the summons, complaint, and related documents to the Indian Ministry of Law and Justice.  Having not received confirmation from the Indian Central Authority that service had been attempted, Direct Purchaser Plaintiffs followed up with contacts at the Indian

Central Authority on February 8, 2021 and again on April 20, 2021. They filed this motion for alternative service on Torrent on September 3, 2021. As of that date, they had neither received a response from the Indian Central Authority nor been able to ascertain the status of service on Torrent.

Similarly, on January 27, 2021, End-Payor Plaintiffs via their process server sent to the Indian Central Authority a Request for Service Abroad of Judicial or Extrajudicial Documents along with copies of the summons and complaint. On February 3, 2021, the package was signed for and delivered to the Indian Central Authority. On September 13, 2021, End-Payor Plaintiffs joined Direct Purchaser Plaintiffs' motion for alternative service. As of that date, neither End-Payor Plaintiffs nor their process server had received any response from the Indian Central Authority.

## DISCUSSION

"In determining whether to issue an order permitting alternative service under Fed. R. Civ. P. 4(f)(3), the Court engages in a three-part analysis to determine whether: (1) the proposed alternative method of service is prohibited by 'federal law,' Fed. R. Civ. P. 4(f), (2) the proposed method of service is 'prohibited by international agreement,' Fed. R. Civ. P. 4(f)(3), and (3) assuming that the first two criteria are satisfied, whether the Court, in the exercise of its discretion, should permit alternative service. Finally, the Court considers whether the proposed method of service is sufficient to satisfy constitutional due process under *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)." *Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *3 (S.D.N.Y. July 17, 2020) (citations omitted). The decision to allow alternative service "is committed to the sound discretion of the district court." *Id.* at *4 (quoting *Peifa Xu v. Gridsum Holding Inc.*, 2020 WL 1508748, at *14 (S.D.N.Y. Mar. 30, 2020)). Though a party need not exhaust efforts to effect service under Fed. R. Civ. P. 4(f)(1) (service "by any

internationally agreed means of service that is reasonably calculated to give notice") or 4(f)(2) ("if there is no internationally agreed upon means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice") before seeking alternative service, the moving party must make "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Convergen*, 2020 WL 403853, at *4 (quoting *Baliga ex rel. Link Motion Inc. v. Link Motion Inc.*, 385 F. Supp. 3d 212, 220 (S.D.N.Y. 2019)).

Plaintiffs have shown that they have reasonably attempted to effectuate service on Torrent and that the circumstances require the Court's intervention. Both Direct Purchaser Plaintiffs and End-Payor Plaintiffs have attempted service through the Indian Central Authority; neither has received a response from the Indian Central Authority regarding the status of service on Torrent. Over eleven months have passed since Direct Purchaser Plaintiffs have attempted service, and over seven months have passed since End-Payor Plaintiffs have attempted service. *See F.T.C. v. PCCare247 Inc.*, 2013 WL 841037, at *6 (S.D.N.Y. Mar. 7, 2013) ("This litigation must move forward, and it is not tolerable to wait five months (or more) for every motion in this case to be served by the Central Authority."). Plaintiffs thus have established that an order of service under Rule 4(f)(3) is appropriate and "must demonstrate that the proffered alternatives are not prohibited by international agreement and that they comport with constitutional notions of due process."[1] *Convergen*, 2020 WL 4038353, at *5.

---

[1] It is undisputed that the proposed methods of alternative service are not prohibited by federal law.

The proposed means of service by email are not prohibited by international agreement. India is a signatory to the Hague Convention.² India, however, opposes the methods of service provided in Article 10, which permits alternative service by postal channels and judicial officers.³ "Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Since Plaintiffs propose service by email, which is not specifically referenced in Article 10 or otherwise objected to by India, service by email is not prohibited by international agreement. *See Pearson Educ. Inc. v. Doe 1*, 2019 WL 6498305, at *2 (S.D.N.Y. Dec. 2, 2019) ("Courts have repeatedly authorized service by email to defendants in countries, including India, that have objected to Article 10, finding that email is not included within the scope of Article 10." (collecting cases)).

On the facts here, service by email also comports with constitutional notions of due process. "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. Pecon Software Ltd.*, 2013 WL 4016272 (S.D.N.Y. Aug. 7, 2013). "Email service has also repeatedly been found by courts to meet the requirements of due process." *Pearson Educ. Inc.*, 2019 WL 6498305, at *3 (citing *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018) (collecting cases)). Plaintiffs

---

² *See* Status Table, 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Sept. 20, 2021).

³ *See* Declaration/Reservation/Notification, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=984&disp=resdn (last visited Sept. 20, 2021); *Convention Done at the Hague Nov. 15, 1965*, T.I.A.S. No. 6638 (Feb. 10, 1969).

propose serving Torrent via email to its Vice President (Legal) & Company Secretary Mahesh Agrawal at maheshagrawal@torrentpharma.com.  Plaintiffs have shown that Agrawal uses this email address in furtherance of Torrent business.  For instance, Torrent's most recent annual report identifies Agrawal as its Vice President (Legal) & Company Secretary and its compliance officer and discloses this email address.  In addition, in another matter involving Torrent, Torrent listed some of Agrawal's email communications on a privilege log, establishing that he conducts business via this email.  *See* Dkt. No. 297, Litvin Decl., Ex. 4, Exhibit H.  Accordingly, the Court finds that Plaintiffs have demonstrated that service via email is likely to reach Torrent and provide notice thereby comporting with due process.

For these reasons, the Court finds that Plaintiffs have satisfied the criteria for an order permitting alternative service under Fed. R. Civ. P. 4(f)(3).

## CONCLUSION

The motion for alternative service on Torrent is GRANTED.  The Court hereby orders that Plaintiffs may serve Torrent via email to its Vice President (Legal) & Company Secretary, Mahesh Agrawal at maheshagrawal@torrentpharma.com.

The Clerk of Court is respectfully directed to close Dkt. No. 296.

SO ORDERED.

Dated: September 20, 2021
      New York, New York

                                                LEWIS J. LIMAN
                                           United States District Judge